IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | Case No. 16-09485 |
| George E. Ludkowski ) | |
| Debtor ) | Chapter 7 |
| ) | Hon. Timothy A. Barnes |
| ) | Hearing Date: 5-23-17 |
| | 10:30 a.m. |

**TRUSTEE'S OBJECTION TO DEBTOR'S
MOTION TO CONVERT TO CHAPTER 13**

N. Neville Reid, not individually but solely as trustee for the estate of George E. Ludkowski, through counsel of record, hereby objects to the motion to convert this case to one under chapter 13 of the United States Bankruptcy Code, and states in support as follows:

BACKGROUND

<u>The Debtor's scheduled interest in realty</u>

The Debtor commenced his case on March 18, 2016, by filing a petition for voluntary relief under chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §101, *et seq*. In his Schedule A (Dkt. #1), the Debtor listed, in pertinent part, an interest in realty commonly known as 8321 N. Ozanam, Niles, Illinois, and valued that interest at $130,493.50. In his Schedule D, the Debtor listed debt in the amount of $400,330 that is secured by a lien in and upon the Niles realty that is held by Spokane Financial, Inc.

The Cook County Recorder of Deeds website reflects the conveyance of title to the Niles realty to "George L. Ludkowski and Lillian A. Ludkowski" as "Joint Tenants with Right of Survivorship" through an instrument recorded November 12, 1993, as Document Number 93-922842. The Cook County Recorder of Deeds website also reflects the Debtor's conveyance of a mortgage upon the Niles realty to Premier Bank through an instrument recorded March 22, 2006,

1

and recorded as Document Number 0608135173. The Cook County Recorder of Deeds website also reflects Premier Bank's assignment of the mortgage to Spokane Financial, Inc. through an assignment recorded August 3, 2007, and recorded as Document Number 0721560073. The Cook County Recorder of Deeds website also reflects Spokane Financial recording a Lis Pendens against the Niles realty on August 6, 2007, as Document Number 0721839045. As part of its proof of claim, (#2), Spokane Financial attached a copy of a judgment of foreclosure but not an order approving a sheriff's sale for the Niles realty.

The prospective sale

  After the Debtor filed his petition for relief, Spokane Financial conveyed an offer to the Trustee for the purchase of the fee interests in the Niles realty and the Debtor's spouse conveyed an offer for the purchase of the Debtor's interest in the Niles realty  The Debtor's spouse did not respond to the Trustee's requests to clarify whether the offer was to purchase with the Debtor's interest in the buyer's hands free and clear of interests and liens or in the buyer's hands subject to interests and liens.

The proceeding for relief under 11 U.S.C. §363(h)

  To enable and preserve the Trustee's ability to administer the Debtor's interest in the Niles realty through a sale of both the Debtor's interest and the interest of the Debtor's spouse therein, the Trustee commenced the adversary proceeding entitled *N.Neville Reid, as trustee for George E. Ludkowski v. George E. Ludkowski and Lillian A. Ludkowski*, and numbered 16-00761. In the complaint underlying the adversary proceeding, the Trustee sought a judgment granting him relief to sell both the Debtor's interest and the interest of the Debtor's spouse in the Niles realty pursuant to 11 U.S.C. §363(h).

2

<u>The Debtor's motion to convert</u>

On May 11, 2017, the Debtor filed the Debtor George Ludkowski's Motion to Convert to Chapter 13. (Dkt. #47). In the Motion to Convert, the Debtor alleged three points to support his request for relief, *to wit*, (i) he "qualifies as a debtor under Chapter 13 of the Code", (ii) he "has not previously converted this case from any other chapter", and (iii) pursuant to 11 U.S.C. §706(a), he "is entitled to convert his Chapter 7 case to a case under Chapter 13 at any time".

<u>OBJECTION TO THE MOTION TO CONVERT</u>

As set forth below, the two key assertions by the Debtor to support his Motion to Convert are both unfounded and belie the Debtor's assertion that he is eligible for relief under chapter 13 of the Code.

First, the Debtor does not qualify as a debtor pursuant to 11 U.S.C. §109. Specifically, in contravention of 11 U.S.C. §109(e), the Debtor owes noncontingent, liquidated, unsecured debts of more than $250,000 - as noted above, in support of its Claim #2, Spokane Financial, Inc. attached, *inter alia*, a Judgment of Foreclosure and Sale by the Circuit Court of Cook County bearing an entry date of February 26, 2016. The Trustee is not aware of any pending appeal of that Judgment. In pertinent part, in the Judgment the Circuit Court found that "[t]he total amount due Plaintiff Spokane as of August 29, 2015, is the sum of $400,330.46" and that Spokane's mortgage "constitutes a valid lien upon the interest of GEORGE E. LUDKOWSKI in the real estate" (*i.e.*, the Niles realty).

As noted above, in his Schedule A, the Debtor valued his interest in the Niles realty at $130,493.50. Subject to any order of a court with competent jurisdiction to the contrary, and for the purposes of addressing the Debtor's eligibilty for relief under chapter 13 of the Code and within the meaning of 11 U.S.C. §109(e), this Court should consider the Debtor to be indebted to Spokane in the amount of $400,330.46 (the Judgment did not specify that the Debtor was only

3

obligated for a portion of this amount) as noncontingent and liquidated, with $130,493 of that debt being secured and $269,837 being unsecured. In his Schedule F, the Debtor listed unsecured debts aggregating $20,266.

Also, the Debtor would not be successful at confirming a chapter 13 plan. Most notably, but not by way of limitation, the Debtor would not be able to satisfy the requirements of 11 U.S.C. §1325(a)(4) and (a)(6), and 11 U.S.C. §1325(b). In his Schedule I and Schedule J, the Debtor listed expenses exceeding take-home income with a monthly deficit of slightly over $200. Thus, the Debtor would not be able to show disposable income to fund a plan that could satisfy 11 U.S.C. §1325(a)(4) or 11 U.S.C. §1325(a)(6). Further, in his Schedule J, the Debtor did not list expenses related to servicing the mortgage that the Circuit Court found encumbers the Debtor's interest in the Niles realty. Thus, the Debtor would also be unable to satisfy 11 U.S.C. §1325(a)(3) in seeking to confirm a chapter 13 plan.

The second unfounded assertion by the Debtor is that he is able to convert his chapter 7 case to one under chapter 13 at any time. In a word, the Debtor overlooked the Supreme Court's ruling in *Marrama v. Citizens Bank of Mass., et al.,* 127 S.Ct. 1105, 166 L.Ed.2d 956, 75 USLW 4113 (2007).

The Supreme Court considered facts similar to the case at bar in *Marrama v. Citizens Bank of Mass., et al.,* 127 S.Ct. 1105, 166 L.Ed.2d 956, 75 USLW 4113 (2007). In his schedules, the Debtor valued a trust (that owned realty and in which he was the sole beneficiary) as zero, and denied that he had made any transfers of property in the preceding year. The Court found that the realty had substantial value and the debtor had transferred the realty into a trust for no consideration seven months before filing his petition for relief. *Marrama,* at 1008. The debtor revealed the foregoing facts at the meeting of creditors. Upon learning this, the trustee announced his intent to recover the realty for the estate, and in response the debtor filed a

4

"Verified Notice" to convert his case to one under chapter 13. The Court ruled that nothing in the text of either 11 U.S.C. §706 or 11 U.S.C. §1307 limited the authority of a federal court to take appropriate action "to prevent an abuse of process" and that this authority included denying a motion to convert to chapter 13 that would be prejudicial to creditors. *Marrama*, at 1111. The Court acknowledged the "bad faith" exception to a debtor's qualification as a debtor under chapter 13 but did not specify what qualified as bad faith. *Marrama*, at 1110-1111. The Court did specify that to create bad faith, the debtor's conduct must be "atypical". *Marrama*, at 1112.

Bankruptcy courts have applied the *Marrama* standards in evaluating motions by chapter 7 debtors to convert their cases to ones under chapter 13 and denied those motions because of the debtors' bad faith. While none of the following decisions are binding upon this Court, they are consistent in their application of the *Marrama* ruling and persuasive for this Court.

The Bankruptcy Court in *In re Mercado*, 376 B.R. 340 (Bankr. MD.Fla.2007), determined that in light of the *Marrama* decision, it was obligated to determine whether the debtors engaged in bad faith conduct prior to, or in the course of, converting their case to one under chapter 13, when faced with a motion by the debtors to convert their chapter 7 case to one under chapter 13. After evaluating whether the debtors had regular income to qualify them under 11 U.S.C. §109(c), the Court looked to the "bad faith" analysis called for under *Marrama*. The Court cited the debtors' pre-petition conduct, *viz.*, sale of a residence (in which they could not claim a homestead exemption) and subsequent use of the net proceeds, at least in part, to purchase a residence in which they claimed a homestead exemption, at a time when (i) they were insolvent; (ii) they had ceased making payments on their debts; and (iii) one of the debtors had been sued. The Court further cited that although the debtors had disclosed the prior sale of the [non-exempt] realty, in their Statement of Financial Affairs they had failed to disclose their use of proceeds from that sale toward purchase of the realty in which they claimed the exemption,

5

and noted the chapter 7 trustee's argument that the debtors had sought the conversion to avoid an upcoming hearing on his objection to their exemption in their current residence. On the basis of the debtors' conduct, the Court denied the debtors' request to convert their case to one under chapter 13. *Mercado*, at 348. Thus, the Court addressed both whether the debtors had regular income and the bad faith of their conduct to adjudicate the request to convert the case to one under chapter 13.

The Court in *In re Piccoli*, 06-2142, 2007 Bankr. WL 2822001 (E.D.Pa. Sep. 27, 2007), affirmed the Bankruptcy Court's decision to deny the debtor's motion to convert to chapter 13 as being in bad faith. The Court found, *inter alia*, that the debtor had not been honest and forthright with the Bankruptcy Court and the trustee: the debtor had underreported the value of her residence and prior to filing her petition transferred a majority interest in the home to her family for no new consideration (her family had paid maintenance and repairs for the home for several years before the transfer in question). The trustee learned of the foregoing at the meeting of creditors. After the debtor commenced negotiations with the trustee to settle the estate's interest in the realty, the debtor filed an amended schedule of debts in which she reported a significantly smaller amount of claims against her-the debtor justified this by asserting that she had deducted debts that belonged to her late husband.

The Court looked at the debtor's motivation for seeking the conversion, and cited, in part, the debtor's acknowledgement that in her opinion a chapter 13 trustee was less likely to seek to avoid the transfer as a fraudulent transfer, as its basis for concluding that the debtor sought the conversion to avoid the consequences of a chapter 7. *Piccoli*, at 8. The Court concluded, *inter alia*, that creditors would be prejudiced by the conversion and that conversion would be "an inefficient administration of the bankruptcy estate, if not an abuse of the bankruptcy process". *Piccoli*, at 9. Pertinent to the Debtor's Motion to Convert, the *Piccoli* Court considered (i) that

6

debtor's motivation to convert to chapter 13 was for the purpose of frustrating the chapter 7 trustee's intention to sell the realty to fund a dividend to creditors and (ii) the futility (and waste of judical resources) in having to adjudicate the debtor's ability to satisfy 11 U.S.C. §1325(a)(3) when the debtor had engaged in bad faith.

The debtor in *In re Murray*, 377 B.R. 464 (Bankr.D.Del.2007), failed to schedule his ownership of a "low number" Delaware motor vehicle license plate[1] and converted his case to one under chapter 13 in the face of a motion by the United States Trustee to dismiss under section 707(b)(3). The trustee learned of the concealment after the conversion, and filed a motion to reconsider the decision to permit the conversion to chapter 13, arguing that the concealment was new evidence and indicated bad faith by the debtor. The debtor argued that he did not know that the plate had any significant value and that thus his conversion was not in bad faith.

The Court applied a "totality of the circumstances" test to determining whether the conversion was in bad faith, and cited the following factors to consider: (i) whether the conversion was in good faith; (ii) whether the debtor could propose a confirmable plan; (iii) the impact of denying conversion weighed against the prejudice to creditors; (iv) the effect of conversion on the efficient administration of the estate; (v) whether conversion would further an abuse of the bankruptcy process. *Murray*, at 469 (citing *In re Pakuris*, 262 B.R. 330, at 335-336 (Bankr.E.D.Pa.2001)). In its evaluation of good faith, the Court cited *Pakuris* for focusing on (i) the timing of the motion to convert to chapter 13; (ii) the debtor's motive for filing the motion; and (iii) whether the debtor had been forthcoming with the bankruptcy court and creditors. *Murray*, at 469.

---

[1] The trustee alleged that the license plate was worth between $200,000 and $250,000.

The *Murray* Court found that the debtor had not sought the conversion in bad faith. However, the *Murray* Court's analysis of those factors is instructive for this Court in considering the Debtor's Motion to Convert. Two of the factors that the Murray Court focused on militates against the Debtor's pursuit of conversion to chapter 13: the Debtor timed his request in the face of having to respond to the Trustee's effort to administer the Debtor's interest in the Niles realty and filed the Motion to Convert to frustrate that effort. The other factors that the *Murray* Court cited also militate against the Motion to Convert: (i) the Debtor's request for conversion is not in good faith (again, he is not eligible for relief under chapter 13, did not list housing expenses in his Schedule J, showed negative income, and filed the Motion to Convert to frustrate the Trustee's effort to administer the estate's interest in the Niles realty); (ii) the Debtor would not be able to propose a confirmable plan; (iii) the proposed conversion would be prejudicial to creditors as the ultimate liquidation of the Debtor's interest in the Niles realty would be delayed while the Debtor burned time on the calendar in the process leading up to the ultimate denial of any plan that he would propose; (iv) conversion would be inefficient for administration of the estate, as ultimately the case would either be dismissed or re-converted back to chapter 7; and (v) conversion would further an abuse of the bankruptcy process.

Judge Schmetterer also addressed the *Marrama* opinion in the context of a debtor's motion to convert his case to one under chapter 11, in *In re Irmen*, No. 07-03103, 2008 Bankr. WL 320484 (Bankr. N.D.Ill. Feb.4, 2008), finding that the Supreme Court's reasoning also applied to a motion to convert to that chapter as well. The Court announced that its determination of whether to allow the conversion would "rest primarily" on whether the debtor could confirm a feasible plan, but that it also would consider the debtor's pre-petition misconduct and conduct during the bankruptcy "to the extent that the debtor's lack of credibility [would] show bad faith…" that would justify denying the motion to convert. *Irmen*, at 3.

Judge Schmetterer found that the debtor had admitted to filing false schedules and lacking business records that he should possess, and sought to violate the Rooker-Feldman doctrine by using the Bankruptcy Court to vacate state court default judgments. *Irmen*, at 4. On the basis of these findings, Judge Schmetterer ruled that the debtor had filed the motion to convert in bad faith. *Irmen*, at 4.

**Argument**

Assuming *arguendo* that the Trustee bears the burden of proof on objecting to the Motion to Convert, and that the standard is preponderance of the evidence, the Trustee is entitled to a denial of the Debtor's motion.

The Debtor's conduct constitutes the sort of bad faith that precludes the relief he seeks: to convert his case to one under chapter 13 to escape the very system that Congress designed for individuals who seek relief under chapter 7-the discharge coming at the expense of a trustee's liquidation non-exempt assets with equity. It is clearly atypical in the context of a debtor seeking relief under chapter 13 with an objective basis to demonstrate the ability to confirm a chapter 13 plan. None of the salient facts in this case – the Debtor's ineligibility for relief under chapter 13, the Debtor's omission of expenses related to housing and service of expenses under the mortgage (that the Debtor would have to service if he retained the Niles realty), the Debtor's negative monthly income shown on Schedules I and J, and the Debtor's pursuit of conversion in the face of and in an attempt to frustrate the Trustee seeking to administer the estate's interest in the Niles realty for the benefit of creditors, and the Debtor's inability to confirm a chapter 13 plan – militate in favor of granting the Debtor the conversion. They all and only militate in favor of denying the Motion to Convert. The Debtor has no evidence to support granting the Motion to Convert; all of the evidence militates to deny it. None of the pertinent facts support characterizing the Debtor's circumstances as typical for a party seeking relief under chapter 13.

The Trustee has more than satisfied a preponderance of the evidence to support his objection. In short, under the arguable obligation of the burden of proof and standard of preponderance of the evidence, the Trustee is entitled to the relief that he seeks.

The Debtor filed his Motion to Convert in bad faith, within the framework of *Marrama* and lower courts' application of that framework, and this Court should deny it.

WHEREFORE, N. Neville Reid, not individually but solely as trustee for the estate of George E. Ludkowski, prays that this Court enter an order denying the Debtor George Ludkowski's Motion to Convert to Chapter 13, and grant such further relief as is just.

Respectfully Submitted
N. Neville Reid, not individually but
solely as trustee for George E. Ludkowski


By:   /s/ Bruce de'Medici
        One of his attorneys


Bruce de'Medici    #6184818
834 Forest Avenue
Oak Park | Illinois 60302
Tel: 312.731.6778

10