## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 16-09485 |
| George E. Ludkowski | ) | |
| Debtor | ) | Chapter 7 |
| | ) | Hon. Timothy A. Barnes |
| | ) | Hearing Date: 10-3-17 |
| | | at 10:30 a.m. |

### TRUSTEE'S REPLY TO AMENDED SUPPLEMENTAL
### RESPONSE IN SUPPORT OF MOTION TO CONVERT TO CHAPTER 13

N. Neville Reid, not individually but solely as trustee for the estate of George E.

Ludkowski, through counsel of record, hereby submits his reply to the Debtor's Am.

Supplemental Resp. Supp. Mot. Convert Chapter 13 (Dkt. #63), and states in support as follows:

ARGUMENT

**The Debtor has failed to demonstrate that seeking confirmation of a chapter 13 plan would not be futile**

The "affidavit" of Ms. Ludkowski is inadequate support for the Debtor's plan and

insufficient for addressing this Court's comments.  First, the affidavit is unsigned and unverified

and thus is not truly an affidavit – it is at best a draft affidavit – and not a document that reflects

a statement of Ms. Ludkowski.  Second, it is at best only a statement by her of her intent and not

a binding obligation that could be enforced against her to compel her to make the payments that

she describes therein.  Third, even assuming the best (for the Debtor) on the foregoing points,

and as the Trustee noted in his Objection Debtor's Mot. Convert Chapter 13 (Dkt. #51), in his

Schedule I and Schedule J the Debtor listed expenses exceeding take-home income with a

monthly deficit of slightly over $129.  Arguably, if his spouse remitted the payments for the

property taxes, this would overcome the shortfall but as noted above, the Debtor did not file any

document to substantiate that she would be bound to make those payments.  Further, in his

Schedule J, the Debtor did not list expenses related to servicing the mortgage that the Circuit

Court found encumbers the Debtor's interest in the Niles realty.

Thus, the Debtor has not shown that he would be able to make the plan payments and

satisfy 11 U.S.C. §1325(a)(6).

**This Court lacks jurisdiction to adjudicate the validity of the Spokane Financial Inc. lien**

As the Debtor noted, the Circuit Court entered a judgement in favor of Spokane

Financial, Inc. and adverse to the Debtor on his defenses. (Suppl. Resp., pg. 7).  Pursuant to the

*Rooker-Feldman* doctrine, only the Supreme Court may review the orders of the Circuit Court.

*Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of*

*Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

The Debtor's implicit argument that this Court possesses the jurisdiction to review the

validity of Spokane Financial's lien because the Circuit Court's order was not final runs afoul of

the Seventh Circuit's position on this issue.  Courts in this jurisdiction treat the Seventh Circuit's

decision in *Harold v. Steel* as suggesting that this Court (and a district court) lack jurisdiction to

review a state court order, whether final or otherwise. *Ivan v. Cooper*, 16 C 4881, at *4 (N.D. Ill.

Feb. 2, 2017,) ("…federal district courts lack jurisdiction over *any* state-court judgment.") (citing

*Harold v. Steel*, 773 F.3d 884, 886 (7th Cir. 2014) ("Nothing in the Supreme Court's decisions

suggests that state-court decisions too provisional to deserve review within the state's own

system can be reviewed by federal district and appellate courts. . . A truly interlocutory decision

should not be subject to review in any court.")).

The Debtor fails to present any argument for his implicit posit that this Court possesses

jurisdiction to adjudicate Spokane Financial's lien and thus has waived the argument.  It is not

this Court's obligation to develop arguments for the parties before it. *United States v. Alden*, 527

F.3d 653, 664 (7th Cir. 2008); *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991)

(cited in *Fabriko Acquisition Corp. v. Prokos*, 536 F.3d 605, 609 (7th Cir. 2008)).  This applies

both on appeals and at the trial level. *See, e.g., AFI Holdings of Ill., Inc. v. Nat'l Broad. Co.*, No.

16 C 8652 at *8, (N.D. Ill. Mar. 9, 2017).  The Debtor's failure to develop his implicit posit and

cite authorities in support of it results in the Debtor's waiver of any argument for his posit. *White*

*Eagle Co-opinion Ass'n v. Conner,* 553 F.3d 467, 476 n. 6 (7th Cir. 2009); *Alden*, 527 F.3d at

564; *Pelfresne v. Village of Williams Bay*, 917 F.2d 1017, 1023 (7th Cir. 1991).  Thus, while the

*Harold* decision is not dispositive on the issue of this Court's jurisdiction to review (or

contradict) the Circuit Court's judgment, it is strongly persuasive and in the absence of Seventh

Circuit authority to the contrary (that, again, the Debtor did not cite), is the appropriate approach

for this Court to follow in addressing the question of reviewing (or contradicting) the Circuit

Court's judgment.

        In simple terms, the Debtor's argument that he can invoke this Court's jurisdiction to

challenge and defeat Spokane Financial's lien is waived and, in any event, contrary to

interpretation by courts in this District of the *Harold* decision, and thus of no avail to him.

**The Debtor's surrender of his interest in the residence is *de facto* agreement with the
Trustee or illusory**

        The Trustee is seeking to adminster the Debtor's interest in the residence for the benefit

of creditors.  The Debtor's alternative of surrendering his interest in the residence both belies his

position that he truly believes that he can confirm a chapter 13 plan fails to offer any meaningful

proposal – as the Debtor knows, merely seeking to sell only his interest to a third party is

impractical and not truly a solution.  Further, any "surrender" would be to a chapter 7 trustee and

not to Spokane Financial and would be accomplished through a re-conversion back to chapter 7

(which in part foreshadows the Trustee's position and ultimate disposition of any effort by the

Debtor to confirm a chapter 13 plan).  Further, Spokane Financial holds a judgment of foreclosure and thus in the event of any "surrender" to Spokane Financial (albeit unlikely as the surrender would actually be to the Trustee), it would be entitled to exercise its rights in the entire residence.  Overall, the Debtor's presentation of that option informs the futility of allowing the conversion to chapter 13.

**The Debtor's draft plan fails to address chapter 7 adminstrative claims**

The Debtor's plan is not confirmable.  It fails to satisfy 11 U.S.C. §1322(a)(2): it contains no provision for payment of chapter 7 administrative claims.  Again, the Debtor fails to demonstrate that conversion to chapter 13 would result in confirmation of a plan.

**The Debtor's draft plan fails to provide for secured claims**

The Debtor's plan is also not confirmable for failure to provide for payment of the secured claim of Spokane Financial, in violation of 11 U.S.C. §1325(a)(5).  Again, the Debtor fails to demonstrate that conversion to chapter 13 would result in confirmation of a plan.

**The Debtor fails to demonstrate that distribution thereunder is more favorable than chapter 7**

The Debtor provides no evidence as to the value of his assets (most notably, of his interest in the residence) to satisfy the requirement of 11 U.S.C. §1325(a)(4).  Assuming most favorable to the Debtor, he relies upon his valuation in his Schedules to show that a liquidation would not yield a dividend to unsecured creditors (the Debtor did not argue this point and thus, as with his implicit argument on the authority of this Court to review a non-final order, the Debtor's failure to address this argument results in a waiver of it).  However, Spokane Financial's discussions with the Trustee have been for a cash purchase offer for the interests of the Debtor and his spouse in the residence – a more favorable result for unsecured creditors than the Debtor's proposal of -0- for unsecured creditors.

Again, the Debtor fails to demonstrate that conversion to chapter 13 would result in confirmation of a plan.

CONCLUSION

The Debtor has not shown that he can satisfy the requisite elements of 11 U.S.C. §1325. The Debtor's Suppl. Resp. falls short of demonstrating that the Debtor would be able to confirm a chapter 13 plan and thus falls short of rebutting the Trustee's thesis that a conversion to chapter 13 would be futile and contrary to interests of creditors. The Debtor's Mot. Convert Chapter 13 (Dkt. #47) should be denied.

WHEREFORE, N. Neville Reid, not individually but solely as trustee for the estate of George E. Ludkowski, prays that this Court enter an order denying the Debtor George Ludkowski's Motion to Convert to Chapter 13 (Dkt. #47), and grant such further relief as is just.

Respectfully Submitted
N. Neville Reid, not individually but
solely as trustee for George E. Ludkowski


By:    /s/ Bruce de'Medici
        One of his attorneys

Bruce de'Medici         #6184818
834 Forest Avenue
Oak Park | Illinois 60302
Tel: 312.731.6778