UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | Case No. 16bk09485 |
| George E. Ludkowski | Chapter 7 |
| Debtor. | Honorable Timothy A. Barnes |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER AWARDING TO BRUCE DE'MEDICI, IN HIS CAPACITY AS COUNSEL FOR THE FORMER CHAPTER 7 TRUSTEE, FOR ALLOWANCE AND PAYMENT OF <u>FINAL</u> COMPENSATION AND REIMBURSEMENT OF EXPENSES

| | | | |
|---|---|---|---|
| TOTAL FEES REQUESTED: | $ 33,192.50 | TOTAL COSTS REQUESTED: | $ 0.00 |
| TOTAL FEES REDUCED: | $ 7,130.00 | TOTAL COSTS REDUCED: | $ 0.00 |
| TOTAL FEES ALLOWED: | $ 26,062.50 | TOTAL COSTS ALLOWED: | $ 0.00 |

**TOTAL FEES AND COSTS ALLOWED: $ 26,062.50**

The attached time and expense entries have been underlined to reflect disallowance in whole or in part. The basis for each disallowance is reflected by numerical notations that appear on the right of each underlined entry. The numerical notations correspond to the enumerated paragraphs below.

**(1)    No Benefit to the Estate – TOTAL of disallowed amounts: $ 380.00**

The court denies requests for fees relating to services that do not benefit the estate or that are not necessary to the administration of the case. 11 U.S.C. § 330(a)(4)(A). An attorney's internal work prior to retention to determine whether the attorney's firm satisfies the disinterestedness requirement of section 327 of the Bankruptcy Code does not provide benefit to the estate and is not compensable.

**(2)    Unauthorized Work – TOTAL of disallowed amounts: $ 2,205.00**

The Court denies the allowance of compensation for work done prior to the authorization of retention. *In re Spanjer Bros., Inc.*, 203 B.R. 85, 94 (Bankr. N.D. Ill. 1996) (Squires, J.) ("The Court will not retrospectively allow any of the time expended prior to the time of the authorized retention because to do so would be to reward any delay or tardiness in promptly seeking retention. To allow bootstrapping of objected to fees paid at the expense of unsecured creditors undermines the policy in favor of prompt application for retention by professionals who will be seeking compensation from the bankruptcy estate. *See generally* 11 U.S.C. § 327 (prerequisite to the allowance of any fees or expenses that professional be employed); *In re Peoples Sav. Corp.*, 114 B.R. 151, 154

(Bankr.N.D.Ill.1990) ('In the absence of a court order approving the Applicant's employment, there is no statutory basis upon which the Court can make a fee award.')").

In this case, counsel was authorized to work on October 4th, 2016 pursuant to the court's Order Authorizing Trustee To Employ Bruce de'Medici As Counsel [Dkt No. 21]. All work done prior to authorization is not compensable.

**(3)    Insufficient Description – TOTAL of disallowed amounts: $ 997.50**

The Court denies the allowance of compensation for the indicated task(s) as the description of each task fails to identify in a reasonable manner the service rendered. *In re Pettibone*, 74 B.R. 293, 301 (Bankr. N.D. Ill. 1987) (Schmetterer, J.) ("A proper fee application must list each activity, its date, the attorney who performed the work, a description of the nature and substance of the work performed, and the time spent on the work. [Citation omitted] Records which give no explanation of the activities performed are not compensable."); *In re Wildman*, 72 B.R. 700, 708-9 (Bankr. N.D. Ill. 1987) (Schmetterer, J.) (same).

**(4)    Unreasonable Time – TOTAL of disallowed amounts: $ 3,452.50**

The Court denies the allowance in part of compensation for the indicated task(s) since the professional or paraprofessional expended an unreasonable amount of time on the task(s) in light of the nature of the task(s), the experience and knowledge of the professional performing the task(s), and the amount of time previously expended by the professional or another on the task(s). *In re Pettibone*, 74 B.R. 293, 306 (Bankr. N.D. Ill. 1987) (Schmetterer, J.) ("The Court will determine what is the reasonable amount of time an attorney should have to spend on a given project... An attorney should not be rewarded for inefficiency. Similarly, attorneys will not be fully compensated for spending an unreasonable number of hours on activities of little benefit to the estate."); *In re Wildman*, 72 B.R. 700, 713 (Bankr. N.D. Ill. 1987) (Schmetterer, J.) (same).

**(5)    Computational or Typographical Error – TOTAL of disallowed amounts: $ 95.00**

The court denies the allowance of compensation for the following tasks because the amount of fees appears to be a computational or typographical error. Also, where there are two identical entries (same day, same tasks, same time billed), the court will consider one of the entries to be a typographical error.

Dated: 10 MAY 2018

_____
Timothy A. Barnes
United States Bankruptcy Judge

Bruce E. de'Medici
834 Forest Avenue
Oak Park | Illinois 60302

**1/3/18**          **Billing**
          **Reid/Trustee Ludkowski**
                 **Professionals**

| Date | Description | Time | Rate | Amount |
|---|---|---|---|---|
| 8/18/16 | Prepare application to employ counsel | 0.8 | $500.00 | $400.00 |
| (2) Unauthorized Work | | | | |
| | **TOTAL BILLING** | **0.8** | | **$400.00** |

Bruce E. de'Medici

834 Forest Avenue

Oak Park | Illinois 60302

1/3/18                    **Billing**

**Reid/Trustee Ludkowski**

Asset Recovery

| Date | Description | Time | Rate | Amount |
|---|---|---|---|---|
| 8/18/16 | Review of petition, schedules<br>(2) Unauthorized Work | 0.3 | $475.00 | $142.50 |
| 8/18/16 | Determine and legal tasks incident to recovery of 1/2 interest in residence for creditors<br>(2) Unauthorized Work | 0.9 | $475 | $427.50 |
| 8/29/16 | Outline of argument points to support turnover motion<br>(2) Unauthorized Work | 0.2 | $475 | $95.00 |
| 8/29/16 | Prepare motion for turnover<br>(2) Unauthorized Work | 1.4 | $475 | $665.00 |
| 9/20/16 | Initial hearing on motion turnover (Brad Block)<br>(2) Unauthorized Work | 0.8 | $475 | $380.00 |
| 9/29/16 | t/c w/ Ms. Aguirre to review status of legal tasks and recovering interest in realty for creditors<br>(2) Unauthorized Work | 0.2 | $475 | $95.00 |
| 10/10/16 | Follow-up memorandum to Ms. Morgan requesting that she articulate objections to turnover | 0.1 | $475 | $47.50 |
| 10/11/16 | Review debtor's motion to modify stay and memorandum to respond to motion for turnover | 0.9 | $475 | $427.50 |
| 10/11/16 | Memorandum to Mr. Reid on debtor's motion to modify stay and memorandum to respond to motion for turnover | 0.1 | $475 | $47.50 |
| 10/12/16 | t/c w/ Mr. Reid to review Debtor's basis for objecting to turnover | 0.1 | $475 | $47.50 |
| 10/12/16 | t/c w/ Mr. Reid to review obtaining access to the Niles residence | 0.1 | $475 | $47.50 |

Neville/Ludkowski                            1                            Asset Recovery

| Date | Description | Hours | Rate | Amount |
|---|---|---|---|---|
| 10/15/16 | Prepare reply to debtor's objection to motion for turnover | 2.4 | $475 | $1,140.00 |
| 10/15/16 | Analysis for complaint to sell per section 363(h) | 0.7 | $475 | $332.50 |
| 10/15/16 | Outline complaint to sell co-debtor's interest in realty | 0.4 | $475 | $190.00 |
| 10/16/16 | Draft complaint to sell Niles realty per 11 U.S.C. §363(h) | 1.6 | $475 | $760.00 |
| 10/16/16 | Memoranda to Ms. Morgan requesting inspection of the residence | 0.1 | $475 | $47.50 |
| 10/17/16 | Finish complaint to sell non-debtor's interest in Niles realty | 0.8 | $475 | $380.00 |
| 10/18/16 | Continued hearing on motion for turnover | 0.8 | $475 | $380.00 |
| 10/24/16 | Follow-up memorandum with debtor's counsel to schedule inspection | 0.1 | $475 | $47.50 |
| 10/24/16 | Second memorandum to debtor's counsel about rescheduling the inspection | 0.1 | $475 | $47.50 |
| 10/24/16 | Memorandum to Ms. Moczybroda to set new inspection date | 0.1 | $475 | $0.00 |
| 10/29/16 | Review debtor's motion under FRCP 60 | 0.7 | $475 | $332.50 |
| 10/29/16 | Edit to complaint to sell per section 365(h) to account for Debtor's arguments in Rule 60 motion | 0.3 | $475 | $142.50 |
| 11/1/16 | Conference counsel who appeared for the debtor on the motion to vacate order for turnover to review flaw of debtor's arguments | 0.1 | $475 | $47.50 |
| 11/8/16 | Court - debtor's motion to vacate turnover order | 0.8 | $475 | $380.00 |
| 1/3/17 | Prepare certificates of service for serving summons and complaint | 0.2 | $475 | $0.00 |

Neville/Ludkowski 2 Asset Recovery

| Date | Description | Hours | Rate | Amount |
|---|---|---|---|---|
| 1/17/17 | t/c with Mr. Reid on status of the complaint for relief under 11 U.S.C §363)h) | 0.1 | $475 | $47.50 |
| 1/17/17 | <u>Strategy for prosecuting complaint to sell under section 363(h)</u> | <u>1.2</u> | <u>$475</u> | <u>$570.00</u> |
| (3) Insufficient Description | | | | |
| 2/9/17 | t/c w/ Mr. Cohen to discuss structure of sale of the house | 0.1 | $475 | $47.50 |
| 2/16/17 | Review Ms. Ludkowki's answer to the sale complaint | 0.8 | $475 | $380.00 |
| 2/16/17 | Analysis of potential tax exposure to wife and impact upon trustee prevailing and comparative benefit of accepting wife's purchase offer | 0.9 | $475 | $427.50 |
| 2/16/17 | Memorandum to Mr. Reid comparing benefits of purchase offer from mortgage holder and debtor's wife | 0.3 | $475 | $142.50 |
| 2/16/17 | Memorandum to Lois West to outline Ms. Ludkowski's claim of adverse capital gains from Trustee sale and request Ms. West's opinion | 0.7 | $475 | $332.50 |
| 3/11/17 | Review IRC on capital gains liability per claim of Lillian Ludkowski | 2.9 | $475 | $1,377.50 |
| 3/11/17 | Analysis of Lillian's defenses to the Complaint for authority to sell per section 363(h), taking Ms. West's comments into the analysis | 1.9 | $475 | $902.50 |
| 3/11/17 | Further memorandum to Ms. West to outline issue to her and review factors of whether Lillian could incur capital gains liability from Trustee's prospective sale | 0.6 | $475 | $285.00 |
| 3/11/17 | Second memorandum to Ms. West with pertinent information about the residence and Ms. Ludkowski's circumstances and query about whether Ms. Ludkowski will have capital gains tax liability if trustee sells the residence to Spokane | 0.9 | $475 | $427.50 |

Neville/Ludkowski                                3                                Asset Recovery

| Date | Description | Hours | Rate | Amount |
|---|---|---|---|---|
| 3/11/17 | Review Ms. West's points on circumstances under which Ms. Ludkowski could avoid capital gains tax liability if trustee sells the residence to Spokane | 0.4 | $475 | $190.00 |
| 3/11/17 | Memorandum to Mr. Reid to review possible capital gains liability to Lillian Ludkowski from sale of realty to Spokane and impact upon Trustee satisfying 11 U.S.C. §363(h)(3) | 0.4 | $475 | $190.00 |
| 3/11/17 | Memorandum to Mr. McJessy on disclosures required under 11 U.S.C §362 and FRBP 2016 (and Local Rules) as debtor's counsel | 0.7 | $475 | $332.50 |

(4) Unreasonable Time

| Date | Description | Hours | Rate | Amount |
|---|---|---|---|---|
| 3/12/17 | Memorandum to counsel for Spokane Financial with salient points from broker's inspection of the Niles realty and explicate need for request specific purchase price to respond to Ms. Ludkowski's defense | 0.1 | $475 | $47.50 |

(1) No Benefit

| Date | Description | Hours | Rate | Amount |
|---|---|---|---|---|
| 3/13/17 | Prepare for status hearing | 0.4 | $475 | $190.00 |
| 3/28/17 | Analysis for advising the Trustee on which offer - Lillian Ludkowski or Spokane - offers highest and best value for estate and is in estate's best interests | 0.9 | $475 | $427.50 |
| 4/5/17 | Conference call with counsel for Lillian Ludkowski and the debtor to review their assertion of a basis for objecting to Spokane's claim | 0.2 | $475 | $95.00 |
| 4/6/17 | Memorandum to Mr. Reid with case update | 0.1 | $475 | $47.50 |
| 4/18/17 | Three memoranda to Mr. Reid to outline issues with pending offers for purchase of the realty, legal elements to satisfy for section 363(h) and how pending offers address those elements, and outline of possible auction sale | 0.5 | $475 | $237.50 |

Neville/Ludkowski                                 4                                  Asset Recovery

| Date | Description | Hours | Rate | Amount |
|---|---|---|---|---|
| 4/18/17 | Prepare for presentation to the Court at upcoming status on the sale complaint, including analysis of interaction between requiring relief under the complaint and preserving right to conduct an auction for the sale | 0.7 | $475 | $332.50 |
| 4/19/17 | Review Circuit Court rulings on challenge by debtor to claim of Spokane Financial | 1.6 | $475 | $760.00 |
| 4/19/17 | Analysis of potential Rooker-Feldman or issue preclusion preventing Bankruptcy Court from re-adjudicating orders granting relief to Spokane and impact upon Mr. Ludkowski's defenses to the sale complaint | 1.9 | $475 | $902.50 |
| 4/19/17 | Memorandum to Mr. Reid to update him on responding to defenses of the debtor to sale complaint | 0.4 | $475 | $190.00 |
| 4/19/17 | Court – continued status on complaint | 0.8 | $475 | $380.00 |
| 4/19/17 | Conference with counsel for the debtor and Ms. Ludkowski to review the capital gains defense and repeated request for documents to back up the defense | 0.4 | $475 | $190.00 |
| 4/19/17 | Second memorandum to Mr. Reid on conversations with counsel before the status on the sale complaint | 0.5 | $475 | $237.50 |
| 5/4/17 | <u>Analysis and strategy for pressing Lillian Ludkowksi and the debtor to resolve their objection to the Trustee's sale of the debtor's interest, to enable the sale and closing the cas</u> | <u>0.9</u> | <u>$475</u> | <u>$427.50</u> |
| (3) Insufficient Description | | | | |
| 5/8/17 (1) No Benefit | <u>Memorandum to Mr. Cohen to update on my requests to counsel for Lillian Ludkowski for information backing up claim of Ms. Ludkowski at risk of capital gains liability if the Trustee sells her interest in the residence</u> | <u>0.2</u> | <u>$475</u> | <u>$95.00</u> |
| 5/11/17 | Review motion by debtor to convert and strategy for responding | 0.6 | $475 | $285.00 |

Neville/Ludkowski                             5                             Asset Recovery

| Date | Description | Hours | Rate | Amount |
|---|---|---|---|---|
| 5/11/17<br>(1) No Benefit | Memoranda with Mr. Cohen to review whether his client objects to the motion | 0.1 | $475 | $47.50 |
| 5/15/17 | Conference with Mr. Reid on case status | 0.4 | $475 | $190.00 |
| 5/16/17 | Prepare to address the Court on debtor's motion to convert | 0.4 | $475 | $190.00 |
| 5/17/17 | Court - status on adversary and debtor's motion to convert to chapter 13 | 0.7 | $475 | $332.50 |
| 5/17/17<br>(1) No Benefit | Conference with Mr. Cohen to discuss strategy for achieving a sale of the debtor's interest in the residence and responding to motion to convert to chapter 13 | 0.4 | $475 | $190.00 |
| 5/21/17 | Initial research for responding to debtor's motion to convert | 1.7 | $475 | $807.50 |
| 5/21/17 | Begin drafting response to debtor's motion to convert to chap 13 | 2.5 | $475 | $1,187.50 |
| 5/22/17 | Finish drafting objection to debtor's motion to convert to chapter 13 | 1.5 | $475 | $712.50 |
| 5/23/17 | Prepare for hearing on debtor's motion to convert to chapter 13 | 0.4 | $475 | $190.00 |
| 5/23/17<br>(4) Unreasonable Time | Continued hearing on debtor's motion to convert to chapter 13 – Court set evidentiary hearing | 0.6 | $475 | $285.00 |
| 5/23/17<br>(5) Computational Error | Continued hearing - sale complaint | 0.2 | $475 | $95.00 |
| 5/23/17 | Review documents provided by debtor's counsel pertaining to retainer and fees | 0.6 | $475 | $285.00 |
| 5/23/17 | Memorandum to Mr. Reid to update him on upcoming evidentiary hearing on motion to convert to chapter 1 | 0.1 | $475 | $47.50 |

| Date | Description | Hours | Rate | Amount |
|---|---|---|---|---|
| 5/23/17 | Research standards for confirming chapter 13 plan using non-debtor spousal income | 0.9 | $475 | $427.50 |
| | (4) Unreasonable Time | | | |
| 5/24/17 | Conference with Mr. Reid to review debtor's inability to confirm a chapter 13 plan and need to object to motion to convert | 0.1 | $475 | $47.50 |
| 5/24/17 | Further research on good faith in chapter 13 as it relates to non-spousal income and standard and application of non-debtor income and determining confirmation of a chapter 13 plan | 1.6 | $475 | $760.00 |
| | (4) Unreasonable Time | | | |
| 6/7/17 | Court – status on debtor's motion to convert and adversary for relief to sell under 11 U.S.C. §363(h) | 0.8 | $500 | $400.00 |
| | (4) Unreasonable Time | | | |
| 6/7/17 | Conference with Mr. McJessey to discuss issues on motion to convert | 0.2 | $500 | $100.00 |
| 6/7/17 | Further research on standards for adjudicating chapter 7 debtor's motion to chapter 13 | 1.2 | $500 | $600.00 |
| | (4) Unreasonable Time | | | |
| 7/20/17 | Analysis for reply in support of objection to debtor's motion to convert | 1.2 | $500 | $600.00 |
| 7/21/17 | Draft reply to support objection to debtor's motion to convert | 6.7 | $500 | $3,350.00 |
| | (4) Unreasonable Time | | | |
| 8/2/17 | Continued hearing on debtor's motion to convert | 0.8 | $500 | $400.00 |
| | (4) Unreasonable Time | | | |
| 9/22/17 | Review debtor's amended supplemental response in support of motion to convert to chapter 13 | 0.6 | $500 | $300.00 |
| 9/28/17 | Outline reply to debtor's amended response in support of motion to convert | 1.8 | $500 | $900.00 |

| Date | Description | Hours | Rate | Amount |
|---|---|---|---|---|
| 9/29/17 | Prepare reply to debtor's amended response in support of motion to convert | 3.7 | $500 | $1,850.00 |
| 10/1/17 | Prepare for continued hearing - debtor's motion to convert | 0.9 | $500 | $450.00 |
| | (4) Unreasonable Time | | | |
| 10/3/17 | Continued hearing on motion to convert to chap 13 | 0.9 | $500 | $450.00 |
| | (4) Unreasonable Time | | | |
| 11/15/17 | Final hearing on debtor's motion to convert to chap 13 | 0.9 | $500 | $450.00 |
| | **TOTAL BILLING** | **68.3** | | **$32,792.50** |

Neville/Ludkowski                              8                              Asset Recovery